UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 13-cv-20090-LENARD/O'Sullivan

PATRICIA FRANZA, as Personal
Representative of the Estate of
PASQULALE F. VAGLIO,

  Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD,
a Liberian Corporation,

  Defendant.
_____/

## ROYAL CARIBBEAN CRUISES, LTD.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND TO STRIKE PLAINTIFF'S DEMAND FOR TRIAL BY JURY

  Defendant, Royal Caribbean Cruises, Ltd., ("RCL") by and through undersigned counsel and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, respectfully requests that this Honorable Court dismiss the Plaintiff's Complaint [D.E. 1], and as grounds therefore, states:

### Background

  Plaintiff claims that the decedent, Pasquale F. Vaglio, passed away as a result of the alleged negligence of shipboard medical personnel. Vaglio was a passenger aboard the RCL's ship, the *Explorer of the Seas*. On July 23, 2011, while the ship was docked in Bermuda, Vaglio fell while attempting to get onto a trolley, suffering head trauma. [D.E. 1, ¶¶9-10]. Vaglio was then taken in a wheelchair to the ship's infirmary. [*Id.* at ¶¶11]. Vaglio was transferred to a shoreside hospital, [*Id.* at ¶¶13, 15], and airlifted to a second hospital where he remained in intensive care until he passed away on August 1, 2011. [*Id.* at ¶17].

  Plaintiff, in her capacity as personal representative of the estate of Vaglio has asserted claims against RCL for I) Negligent Medical Care and Treatment; II) Negligence of RCCL Based Upon

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

Apparent Agency; and III) Negligent Hiring, Retention and Training by RCCL. RCL respectfully submits that Plaintiff has failed to allege any legally cognizable claim against it, and requests that this Court dismiss Plaintiff's Complaint in its entirety.

## Memorandum of Law

I. **Federal Maritime Law Governs Plaintiff's Claims**

The present action is substantively controlled by United States general maritime law. *See Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249 (1972); *Foremost Ins. Co. v. Richardson*, 457 U.S. 668 (1982); *Sisson v. Ruby*, 497 U.S. 358 (1990). Incidents occurring on the navigable waters and bearing a significant relationship to traditional maritime activities are governed by general maritime law. *See e.g., Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632 (1959); *Kornberg v. Carnival Cruise Lines, Inc.,* 741 F.2d 1332, 1334 (11th Cir. 1984); *Rindfleisch v. Carnival Cruise Lines, Inc.*, 498 So. 2d 488 (Fla. 3d DCA 1986); *Hallman v. Carnival Cruise Lines, Inc.,* 459 So.2d 378, 379 (Fla. 3d DCA 1984). Moreover, it is well settled that the law governing passenger suits against cruise lines is the general maritime law. *See e.g.*, Schoenbaum, Thomas J., Admiralty and Maritime Law §3-5 (4th Ed. 2004); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989); *Beard v. Norwegian Caribbean Lines,* 900 F.2d 71 (6th Cir. 1990). This is equally true where the alleged tort occurs at a scheduled port of call. *See Doe v. Celebrity Cruises, Inc.*, 394 F.3d 891, 901-902 (11th Cir. 2004). In the present matter, Plaintiff's Complaint alleges that the subject incident occurred on or about July 23, 2011 while the Decedent "was a passenger on EXPLORER OF THE SEAS." (DE 1, ¶9). Further, in her Complaint, Plaintiff concedes that "[t]his court has initial jurisdiction pursuant to 28 USC §1333 and the General Maritime Laws of the United States." (DE 1, ¶6). Therefore, RCL respectfully submits that general maritime law must be applied in this case.

II. **Count I of the Complaint Should be Dismissed as the Defendant is Not Liable for the Alleged Negligence of the Shipboard Medical Staff**

Count I of Plaintiff's Complaint seeks to hold RCL liable for the alleged negligence of the ship's medical staff.[1] However, it is well-settled that "general maritime law does not impose liability under the doctrine of *respondeat superior* upon a carrier or ship owner for the negligence of a ship's doctor who treats the ship's passengers." *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364, 1372 (5th Cir. 1988). Indeed, there are a wealth of decisions from the Southern District of Florida consistently holding that, under general maritime law, a shipowner cannot be held vicariously liable for the negligence of its shipboard medical staff in the treatment and care of passengers. *See e.g., Hill v. Celebrity Cruises, Inc.*, 2011 U.S. Dist. LEXIS 128744 (S.D. Fla. 2011) (Moreno, J.); *Wajnstat v. Oceania Cruises, Inc.*, 2011 U.S. Dist. LEXIS 10900 (S.D. Fla. 2011) (Cooke, J.); *Balachander v. NCL (Bahamas) Ltd.*, 800 F. Supp. 2d 1196 (S.D. Fla. 2011) (King, J.); *Ridley v. NCL (Bahamas) Ltd.*, 824 F. Supp. 2d 1355, 1362 (S.D. Fla. 2010) (King, J.); *Peterson v. Celebrity Cruises, Inc.*, 753 F. Supp. 2d 1245 (S.D. Fla. 2010) (Ungaro, J.); *Hesterly v. Royal Caribbean Cruises*, 515 F. Supp. 2d 1278 (S.D. Fla. 2007) (Gold, J.); *Suter v. Carnival Corp.*, 2007 U.S. Dist. LEXIS 95893 (S.D. Fla. 2007) (Altonaga, J.); *Hajtman v. NCL (Bahamas) Ltd.*, 526 F. Supp. 2d 1324 (S.D. Fla. 2007) (Moore, J.); *Walsh v. NCL (Bahamas) Ltd.,* 466 F. Supp. 2d 1271 (S.D. Fla. 2006) (Gold, J.); *Doonan v. Carnival Corp.*, 404 F. Supp. 2d 1367 (S.D. Fla. 2005) (Martinez, J.). Most recently, in *Farrell v. Royal Caribbean Cruises, Ltd.,* 2013 U.S. Dist. LEXIS 8136 (S.D. Fla. Jan. 2, 2013), this Court dismissed a claim premised on a shipboard doctor's alleged negligence. Accordingly, RCL respectfully submits that, as in *Farrell*, this Honorable Court should dismiss Count I of Plaintiff's Complaint with prejudice as Plaintiff's attempt to hold RCL liable for the alleged negligence of the ship's medical personnel fails as a matter of law.

---

[1] Specifically, Plaintiff alleges that RCL "by and through the acts of its employees or agents, was negligent, in one or more of the following ways: (a) in failing to properly assess the condition of PASQUALE VAGLIO; (b) in allowing a nurse to make the initial assessment; (c) in failing to have a doctor assess the patient; (d) in failing to timely diagnose and appropriately treat the patient; (e) in failing to order appropriate diagnostic scans to further assess the degree of injury; (f) in failing to obtain consultations with appropriate specialists; (g) in failing to properly monitor the patient; (h) in failing to evacuate the patient from the vessel for further care in a timely manner; (i) in deviating from the standard of care for patients in Mr. Vaglio's circumstances who had suffered a significant blow to the head."

> III. **Count II of the Complaint Should be Dismissed as Plaintiff Cannot Evade the Well-Settled Law that a Shipowner is Not Liable for the Alleged Negligence of its Shipboard Medical Staff by Pleading Apparent Agency and in Any Event, Plaintiff has Failed to Sufficiently Allege Apparent Agency**
>
> A. **Defendant Cannot be Held Liable Under a Theory of Apparent Agency**

In Count II, Plaintiff seeks to hold RCL liable for the alleged negligence of the ship's medical personnel based on a theory of apparent agency. [DE 1, Count II]. However, Plaintiff cannot avoid the well-settled law that a shipowner cannot be held vicariously liable for the alleged negligence of its shipboard medical staff by pleading apparent agency. *See e.g., Warren v. Ajax Navigation Corp.*, 1995 U.S. Dist. LEXIS 19353 *7 (S.D. Fla. 1995); *Wajnstat v. Oceania Cruises*, 2011 U.S. Dist. LEXIS 10900 (S.D. Fla. 2011); *Cactus Pipe & Supply v. M/V Montmartre*, 756 F.2d 1103, 1111 (5th Cir. 1985) (citing Restatement (Second) of Agency §27). In *Wajnstat,* the Honorable Judge Marcia Cooke explained the rationale for dismissing with prejudice a virtually identical apparent agency claim:

> The Rule of *Barbetta* does not allow for liability under an apparent agency theory since the doctrine of apparent agency is a simply a form of *respondeat superior* liability. *See 3 Am. Jur. 2d Agency § 262*. In other words, it does not matter whether the ship's physician is an actual agent, apparent agent, or otherwise, under maritime law the shipboard doctor's liability is not be imputed to the carrier. **The rationale of the court in *Barbetta* does not leave room for pleading around the rule, by labeling the legal theory "apparent authority" as opposed to "*respondeat superior.*"**

*Wajnstat* at *11-12; (emphasis added). Judge King adopted Judge Cooke's reasoning in *Balachander* and dismissed the plaintiff's apparent agency claim against the defendant cruise line, holding that apparent agency is "akin to claims under the doctrine of *respondeat superior* and fail as a matter of law." *Balachander*, 2011 U.S. Dist. Lexis 86527 *13-14 (stating that "under any theory, it is inconsistent with the law of this Circuit to hold a cruise line liable for the negligence of a ship doctor."). This principle was reaffirmed by the Honorable Judge Moreno in *Hill v. Celebrity Cruises, Inc.*:

> [I]t would be illogical to hold Celebrity liable under a theory of apparent agency when clearly established maritime law precludes liability under a theory of actual agency.  Celebrity would have no incentive, and in fact would be discouraged, from providing doctors on board their cruises if they are held liable for them under a theory of apparent agency.  Under current maritime law, cruise lines are afforded some protection from the mistakes of their onboard physicians.

*Hill*, Case No. 09-23815-cv-Moreno/Brown, 2011 U.S. Dist. LEXIS 128744 *5-6 (S.D. Fla. Nov. 7, 2011); *see also Hajtman*, 526 F. Supp. 2d at 1328-29 (Moore, J.) ("Given the long standing maritime principle that carriers and shipowners are not vicariously liable for the acts of their medical staff, which is based upon the logical notion that vacation cruise boat companies are not hospitals and have no expertise in establishing or controlling medical procedures, it is unreasonable for Plaintiff to believe that [the ship's nurse and doctor] were [the cruise line's] agents."); *Warren v. Ajax Navigation Corp.,* Case No. 91-0230-cv-Ryskamp, 1995 AMC 2609 *7 (S.D. Fla. 1995) ("finding it "unreasonable" as a matter of law for plaintiff passenger to believe that shipboard doctor was an agent of the shipowner).

These decisions by Judge Cooke, Judge King, Judge Moreno and Judge Moore all stand for the logical proposition that if a cruise line cannot be held liable for the negligence of a doctor who is *actually* an agent of the cruise line, then it cannot be held liable for the negligent acts of a doctor who is only *believed* to be an agent. Plaintiff cannot plead around *Barbetta* and its progeny by labeling her claim for vicarious liability "apparent agency." As maritime law does not impute liability for the alleged negligence of a ship's medical staff to a shipowner regardless of whether the Plaintiff has labeled the ship's medical staff as employees or apparent agents, Count II of Plaintiff's Complaint fails as a matter of law.  Accordingly, RCL respectfully submits that Count II of Plaintiff's Complaint should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

    B.  Plaintiff Fails to State a Claim Under Apparent Agency

Notwithstanding the fact that Count II of Plaintiff's Complaint fails as a matter of law because a shipowner cannot be held vicariously liable for the alleged negligence of its shipboard medical staff under any theory of respondeat superior, including a theory of apparent agency, Count II also fails to state claims for apparent agency. To state a claim for apparent agency, a Plaintiff must allege (1) that the alleged principal makes some sort of manifestation causing a third party to believe that the alleged agent had authority to act for the benefit of the principal, (2) that such belief was reasonable, and (3) that the plaintiff reasonably acted on such belief to his detriment. *See e.g.*, *Farrell v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 8136, 10-11 (S.D. Fla. Jan. 2, 2013); *Warren v. Ajax Navigation Corp.*, 1995 U.S. Dist. LEXIS 19535 *7 (S.D. Fla. 1995); *Cactus Pip & Supply v. M/V Montmartre*, 756 F.2d 1103, 1111 (5th Cir. 1985) (citing Restatement (Second) of Agency §27)). In the instant matter, Plaintiff sets forth various manifestations allegedly made by RCL with respect to the shipboard medical staff. (DE 1, ¶¶26-36). For example, Plaintiff alleges that the shipboard medical staff wore RCL uniforms, and that the ship's doctor and nurse are permitted to eat with the ship's crew. *Id.* However, Plaintiff does not assert that the manifestations allegedly made by RCL caused the decedent[2] to believe that the medical staff had the authority to act for the benefit of RCL.  Further, while Plaintiff has pled, in a conclusory manner, that decedent "believed, and was reasonable in his belief, that the ship's nurse and doctor were acting as direct employees or actual agents on behalf of the Defendants (sic)" and that "Plaintiff relied to his detriment on his belief that the physician and nurse were direct employees or actual agents of the Defendant in that the Plaintiff followed the advice of the nurse and/or physician…" (DE 1, ¶¶37–38), Plaintiff fails to allege how decedent relied on the alleged agency relationship to his detriment. *See Farrell v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 8136, 12-13 (S.D. Fla. Jan. 2, 2013):

---

[2] The Complaint repeatedly asserts that the representations were made to the Plaintiff, rather than to the decedent. For purposes of this Motion, Defendant assumes that this is in error and that the Plaintiff intended to allege that the representations were made to the decedent.

Accordingly, the Court finds Plaintiff's allegations insufficient to state a claim. See, e.g., Gavigan v. Celebrity Cruises, Inc., 843 F. Supp. 2d 1254, 1262-63 (S.D. Fla. 2011) ("While Plaintiff alleged that Gavigan 'relied upon [Celebrity's] representations' that the doctors were Celebrity's agents, the Amended Complaint fails to contain the necessary factual allegations describing his reliance on the agency relationship to his detriment. Moreover, simply repeating the term 'reliance' or the phrase 'relied upon' throughout the pleadings fails to satisfy the burden here. Facts, rather than conclusory allegations are necessary to avoid dismissal of this claim." (citations omitted)); see also Rinker v. Carnival Corp., 836 F. Supp. 2d 1309, 1319 (S.D. Fla. 2011) ("Plaintiff's husband does not state that, had he known the doctor and nurses were independent contractors, he would not have sought their medical help for his wife. Thus, it is not clear how he relied."); Warren v. Ajax Navigation Corp., No. 91-0230-CIV-RYSKAMP, 1995 U.S. Dist. LEXIS 19535, 1995 WL 688421, at *3-4 (S.D. Fla. Feb. 3, 1995) ("Plaintiff must . . . show . . . that he relied or changed his position in reliance on his alleged belief that Dr. Nodarse was defendants' agent. . . . Plaintiff has not provided evidence sufficient to show that he selected the cruise in reliance that Dr. Nodarse was an agent authorized to act on behalf of the shipowners.").

Likewise, here, Plaintiff has failed to allege how the decedent relied upon the alleged apparent agency as she has not alleged how, had the decedent known that the doctor and nurse were not agents of the Defendant, he would not have followed the advice of the shipboard medical staff. As such, Plaintiff has failed to properly allege apparent agency.

Additionally, Count II of Plaintiff's Complaint also fails because Plaintiff cannot establish reasonable reliance. *See Suter v. Carnival Corp.*, 2007 AMC 2564 (S.D. Fla. 2007). While Plaintiff's Complaint does not attach a copy of the passenger ticket contract, Plaintiff concedes that the subject claims arise out of an incident that occurred while the decedent was a "passenger on [Defendant's vessel]." (DE 1, ¶9). Accordingly, RCL attaches a copy of Decedent's Passenger Ticket Contract hereto as Exhibit "A" and respectfully submits that the Court may consider the passenger ticket contract in ruling on its Motion to Dismiss Plaintiff's claims. *See e.g., Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1329, n7 (11th Cir. 2006) (noting that documents which are central to a plaintiff's claim may be considered by a district court when ruling on a motion to dismiss); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1281 (11th Cir 1999); W*ajnstat v. Oceania Cruises, Inc.*, 2011 U.S. Dist. LEXIS

10900 (S.D. Fla. 2011) (wherein the Court considered the cruise ticket contract as it was central to plaintiff's claims). In the instant matter, Decedent's Passenger Ticket Contract, the terms and conditions of which Decedent accepted as a condition precedent to his boarding the subject vessel to go on his cruise, clearly and unequivocally advised him that RCL neither supervised or controlled the physicians and that passengers retain the services of onboard medical personnel at their own risk. *See* Exhibit "A" at ¶4. The Passenger Ticket Contract issued to Plaintiff by RCL states:

> a. Availability of Medical Care. Due to the nature of travel by sea and the ports visited, the availability of medical care onboard the Vessel and in ports of call may be limited or delayed and medical evacuation may not be possible from the Vessel while at sea or from every location to which the Vessel sails.
> b. Relationship with Service Providers. To the extent Passengers retain the services of medical personnel or independent contractors on or off the Vessel, Passengers do so at their sole risk. **Any medical personnel attending to a Passenger on or off the Vessel, if arranged by Carrier, are provided solely for the convenience of the Passenger, work directly for the Passenger, and shall not be deemed to be acting under the control or supervision of the Carrier, as Carrier is not a medical provider**.

*See* Exhibit "A" at ¶4 (emphasis added). Accordingly, a plain reading of the Passenger Ticket Contract issued to Plaintiff clearly states that RCL does not supervise or control the shipboard medical staff. Even if Plaintiff's apparent agency claim was cognizable as a matter of law, which RCL respectfully submits it is not, the claim fails as Plaintiff cannot establish that the decedent reasonably relied on a representation of RCL that the ship's medical personnel were agents of RCL. *See Hajtman v. NCL (Bahamas) Ltd.*, 526 F. Supp. 2d 1324 (S.D. Fla. 2007) (noting that reasonable reliance is an essential element of a claim for apparent agency). As RCL clearly advised decedent that the ship's medical staff were independent contractors and that it neither supervised nor controlled the actions of the ship's medical staff, decedent's alleged belief that the ship's medical staff were RCL's agents was unreasonable as a matter of law.

In analyzing a similar issue in the *Wajnstat* case, *supra,* the Court held:

> The passenger ticket contract between Mr. Wajnstat and Oceania Cruises clearly explains that the ship's physician and shipboard medical personnel are independent

>contractors, and that Oceania Cruises was "<u>**not responsible**</u>" for any actions taken by the onboard medical staff. 2 (Def.'s Mot. to Dismiss 17, ECF No. 24, & Ex. A, ¶¶ 10-11, ECF No. 24-1). Despite Mr. Wajnstat's allegations that Dr. Lidstromer was the apparent agent of Oceania Cruises because he was dressed in a uniform similar to other officers of the crew, was identified as the ship's doctor, or that the medical staff took notes on Oceania Cruises stationary, Mr. Wajnstat was informed by Oceania Cruises that the cruise line was not responsible for any examination, advice, diagnosis, medication, or treatment that was furnished by the Doctor.

*See Wajnstat v. Oceania Cruises*, 2011 U.S. Dist. Lexis 10900 (S.D. Fla. Feb. 4, 2011). The *Hajtman* Court also dismissed an apparent agency claim citing similar language in a passenger ticket contract, finding that "this contractual language serves as notice to Plaintiff that no agency relationship exists between" the shipowner and the ship doctors. *Hajtman*, 526 F. Supp. 2d at 1329.  In dismissing the apparent agency claim in *Hajtman*, the Honorable Judge Moore noted that similar language was also before the court in *Barbetta*, where the Court stated, "We note only that because there was no liability to disclaim, the contractual provision is not a disclaimer; it is instead, merely an accurate restatement of the principles of general maritime law which we have reviewed above."  *Id.* (quoting *Barbetta*, 848 F.2d at 1372).

Like the defendant cruise lines in *Wajnstat* and *Hajtman*, RCL expressly advised Plaintiff that the shipboard medical staff consisted of independent contractors whom RCL neither supervised nor controlled.  Accordingly, RCL respectfully submits that any belief that the shipboard medical staff was acting as an agent of RCL was unreasonable as a matter of law, and Plaintiff cannot state a claim for apparent agency.  Therefore, RCL respectfully submits that Count II of Plaintiff's Complaint fails to state a claim for apparent agency and should be dismissed with prejudice.

IV. **Count III of the Complaint Should be Dismissed as Plaintiff has Failed to Properly Allege Negligent Hiring, Retention and Training**

Plaintiff's final count alleges that RCL negligently hired, retained, and trained medical personnel, including the doctor and nurse identified in the Complaint. As this Court noted in *Farrell v. Royal*

*Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 8136 at *7 (S.D. Fla. Jan. 2, 2013), "'if a carrier undertakes to employ a doctor aboard ship for its passengers' convenience, the carrier has a duty to employ a doctor who is competent and duly qualified.' Barbetta, 848 F.2d at 1369. If the carrier breaches its duty, it is responsible for its own negligence. Id."

Here, Plaintiff has failed to allege any facts in support of the alleged negligent hiring, retention and training of the subject medical personnel. In order to assert a claim for negligent hiring, Plaintiff must allege that, "prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness, and the issue of liability primarily focuses upon the adequacy of the employer's pre-employment investigation into the employee's background." *Stires v. Carnival Corp.*, 243 F.Supp.2d 1313, 1318 (M.D. Fla. 2002). A claim for negligent retention and/or negligent supervision, requires the Plaintiff to allege that "once an employer received active or constructive notice of problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action such as discharge or reassignment." *Garcia v. Duffy*, 492 So.2d 435, 441 (Fla. 2d DCA 1986). The principal difference between a claim for negligent hiring and a claim for negligent retention and/or supervision is the timing of when the employer is charged with knowledge of the employee's unfitness. *Id.* at 438.

In the present case, the Complaint fails to allege the essential elements necessary to state a cause of action for either negligent hiring or negligent retention/supervision. Specifically, the Plaintiff has failed to allege that RCL knew or should have known of any facts that would have put it on notice that the subject medical personnel were unfit to perform their employment duties either prior to hiring them, or during the period of their employment. The Complaint merely alleges, in a conclusory fashion, that the Defendant failed "to conduct an appropriate investigation into the backgrounds of the doctor and nurse," "to hire medical personnel, including the doctor and nurse, that had appropriate training and/or experience in emergency medicine," and "to provide

appropriate training and procedures" to the doctor and nurse. [DE 1, ¶45]. These allegations are insufficient.

In *Gavigan v. Celebrity Cruises Inc.*, 843 F. Supp. 2d 1254, 1261-1262 (S.D. Fla. 2011) the Court dismissed a similar claim, noting that the Plaintiff failed "to provide any factual information concerning the doctor that [the cruise line] negligently selected – neither naming the doctor nor describing in any way the doctor's training and education" and further failed to plead factual allegations "that would support a claim that any doctor performed his or her duties so poorly that [the cruise line] should have immediately relieved the doctor of all responsibility for treating any other patients." Likewise, here, Plaintiff has not described the subject doctor or nurse's training or education, but has merely alleged in a conclusory fashion that Defendant failed to conduct an appropriate investigation. Furthermore, Plaintiff cannot merely rely on the allegation that the Decedent passed away in order to survive dismissal. ("The fact that the physician errs in his treatment does not prove that he was incompetent or that the company was negligent in appointing him." *Jackson v. Carnival Cruise Lines, Inc.*, 203 F. Supp. 2d 1367, 1375 (S.D. Fla. 2002) (quoting *Di Bonaventure v. Home Lines, Inc.*, 536 F. Supp. 100, 103 (E.D. Pa. 1982)).

Finally, to the extent plaintiff alleges that RCL failed to provide appropriate training and procedures to the doctor and nurse, RCL has no such duty. *Farrell v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 8136, 7-8 (S.D. Fla. Jan. 2, 2013)("Plaintiff's allegations that Defendant…failed to promulgate rules to insure passenger health and safety, failed to adequately train medical personnel…are all predicated on duties of care which are not recognized under maritime law.")

As Plaintiff has failed to properly allege negligent hiring, supervision or training by RCL, RCL respectfully requests that this Court dismiss Count III of the Complaint.

**V.      This Matter is Governed by the Death on the High Seas Act (DOHSA)**

### A. Even in the Event that Plaintiff Had Properly Alleged a Cause of Action Against RCL, Her Damages are Limited to Those Allowed under the Death on the High Seas Act

DOHSA provides the exclusive remedy "(w)hen the death of an individual is caused by wrongful act, neglect, or default occurring on the high seas beyond 3 nautical miles from the shore of the United States…" 46 U.S.C.S. §30302. Where DOHSA applies, it applies exclusively. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 227 (1986)("Under the prevailing uniformity doctrine . . . to the extent Congress provided a federal remedy for wrongful death on the high seas, the *federal substantive law would clearly have pre-empted conflicting state wrongful death statutes. . .* ") (emphasis added). The Eleventh Circuit Court of Appeals and Florida state courts have also held that DOHSA is an *exclusive remedy*. *Ford v. Wooten*, 681 F.2d 712, 716 (11th Cir. 1982)("where a cause of action exists for wrongful death under DOHSA, no additional action exists under general maritime law for wrongful death. . . "); *Hughes v. Unitech Aircraft Services*, 662 So.2d 999, 1001 (Fla. 4th DCA 1995)("as appellant acknowledges, Florida's wrongful death statute remedies are preempted by the remedies authorized by DOHSA."); *Bailey v. Carnival Cruise Lines, Inc.*, 448 So.2d 1090, 1091 (Fla. 3d DCA 1984)("DOHSA constitutes the exclusive remedy for deaths caused by negligence on the high seas."); Thomas J. Schoenbaum, ADMIRALTY AND MARITIME LAW, 2d Ed. (1994) ("Where it applies… DOHSA is exclusive.").

Here, the Complaint alleges that the decedent was injured and received medical care from the ship's medical staff while the ship was in Bermuda. [D.E. 1 ¶9]. DOHSA applies whenever a negligent act causing death occurs more than a marine league from a U.S. shore, even where the eventual death occurs ashore. *Bergen v. F/V St. Patrick*, 816 F.2d 1345, 1348 (9th Cir. 1987). The territorial waters of a foreign nation are considered the "high seas." *Howard v. Crystal Cruises, Inc.*, 41 F. 3d 527, 530 (9th Cir. 1994); *Sanchez v. Loffland Bros. Co.*, 626 F. 2d 1228, 1230; fn. 4 (5th Cir. 1980) (DOHSA applies "when the cause of action arises outside of United States territorial waters and

within the territorial waters of a foreign country."); *Kuntz v. Windjammer "Barefoot" Cruises, Ltd.*, 573 F. Supp. 1277 (W.D. Pa. 1983), *aff'd*, 738 F.2d 423 (3d Cir. 1984), *cert. den'd*, 469 U.S. 858, 105 S. Ct. 188, 83 L.Ed. 2d 121 (1984)(the territorial waters of a foreign country satisfy DOHSA's "high seas" requirement).  Furthermore, courts in the Southern District of Florida have consistently interpreted DOHSA as applying to maritime incidents occurring within the territorial waters of a foreign country. *Ridley v. NCL (Bahamas) Ltd.*, 2010 U.S. Dist. LEXIS 109025 *7 (S.D. Fla. 2010) ("The Eleventh Circuit has consistently interpreted DOHSA as applying to maritime incidents occurring within the territorial waters of foreign states."); *Moyer v. Rederi*, 645 F. Supp. 620, 623 (S.D. Fla. 1986) ("The prevailing rule in this Circuit, consistent with rulings in numerous courts outside of this Circuit, is that maritime incidents occurring within the territorial waters of foreign states fall within the ambit of DOHSA."); *Lasky v. Royal Caribbean Cruises, Ltd.,* 2012 U.S. Dist. LEXIS 14143 (S.D. Fla. 2012) (holding that where the actions that gave rise to the negligence claim occurred when the ship was either in Mexico's territorial waters or in international waters, DOHSA applied).

DOHSA does not permit the award of non-pecuniary damages. *Ridley v. NCL (Bahamas) Ltd.*, Case No. 10-22711-cv-KING, 2010 U.S. Dist. LEXIS 109025 (S.D. Fla. Oct. 13, 2010); *see also Zicherman v. Korean Air Lines Co., Ltd,,* 1996 AMC 319, 330, 516 U.S. 217 (1996); *Sanchez v. Loffland Bros. Co.*, 626 F.2d 1228, 1230 (5th Cir. 1980) ("DOHSA specifically limits recoverable damages to those pecuniary in nature."). 'The measure of recovery under . . . DOHSA is the actual pecuniary benefits that the decedent's beneficiaries could reasonably have expected to receive from the continued life of the decedent.' *Solomon v. Warren*, 540 F.2d 777, 786 (5th Cir. 1976), cert. dismissed sub nom. *Warren v. Serody*, 434 U.S. 801, 54 L. Ed. 2d 59, 98 S. Ct. 28 (1977). Pecuniary losses

include loss of support, loss of services, funeral expenses, and loss of nurture and guidance to the decedent's children.[3]

The Plaintiff's Complaint alleges that the decedent's widow "has lost his pension, his social security, medical insurance, and the value of his services and incurred expenses for medical care, funeral services and interment." To the extent Plaintiff alleges that the decedent's beneficiary has sustained pecuniary losses, those damages must be limited to any amounts she would have reasonably expected to receive herself from the continued life of the decedent. RCL respectfully requests that in the event the Complaint is not dismissed in its entirety, that the damages be limited accordingly.

### B. Plaintiff's Jury Trial Demand Should be Stricken

DOHSA creates an exclusively federal cause of action. *Bailey v. Carnival Cruise Lines, Inc.*, 774 F.2d 1577, 1581 (11th Cir. 1985). Specifically, the statute provides that "the personal representative of the decedent may bring a civil action *in admiralty*." 46 U.S.C. §30302. The Southern District of Florida has recognized, "The Death on the High Seas Act is a jurisdictional federal statute that allows a representative of anyone who perishes on the high seas to bring a cause of action against a defendant for 'a theory of recovery cognizable by a court sitting in admiralty jurisdiction.'" *Barnett v. Carnival Corp.*, 2007 U.S. Dist. LEXIS 43636 (S.D. Fla. June 15, 2007) (internal citations omitted). Accordingly, cases that fall within the ambit of the Death on the High Seas Act are subject to a bench trial. *See*, Billy Coe Dyer, NOTE: The Jury on the Quarterdeck: The Effect of Pleading Admiralty Jurisdiction When a Proceeding Turns Hybrid, 63 Tex. L. Rev. 533, 548 (1984) ("Actions under DOHSA are thought to be *exclusively cognizable in admiralty* and thus carry no right to a jury trial."); Opinion of the Connecticut Probate Court: In Re Estate of George Smith, IV, 22 Quinn.

---

[3] Under DOHSA, recovery for loss of nurture and guidance is generally limited to cases involving a minor child's loss of his or her parent. See *Solomon v. Warren*, 540 F.2d 777, 788-789 (5th Cir. 1976); *Freeman v. Egypt Air (In re Air Crash Near Nantucket Island)*, 2002 U.S. Dist. LEXIS 26913, 5-8 (E.D.N.Y. May 23, 2002); *Estate of Zarif v. Korean Air Lines, Co.*, 836 F. Supp. 1340, 1350 (E.D. Mich. 1993)

Prob. Law Jour. 83, 92 (2009) ("DOHSA preempts state law wrongful death statutes and *requires a bench trial* (i.e., a trial before a Judge, rather than a jury).").

As DOHSA provides the exclusive remedy in the instant matter, as discussed more thoroughly *supra*, Plaintiff's claims fall within the admiralty jurisdiction of this Honorable Court and therefore require a bench trial. *See*, *Favaloro v. S/S Golden Gate*, 687 F. Supp. 475, 481 (N.D. Cal. 1987) ("Ordinarily, there is no right to a jury trial in an action under the court's maritime jurisdiction."); *Curry v. Chevron, USA*, 779 F.2d 272, 274 fn.1 (5th Cir. 1985) ("DOHSA actions are brought in admiralty and as such no jury trial may be had."); *see also Higa v. Transocean Airlines*, 230 F.2d 780, 782 (9th Cir. 1955), *cert. dismissed*, 352 U.S. 802 (1956) (the court, in holding that there was no right to trial by jury for a DOHSA claim, stated, "[The] contention of a right to jury trial was discussed in the House in the consideration of the bill which was enacted that day, March 30, 1920. The discussion … clearly shows that the admiralty jurisdiction is exclusive."); *Friedman v. Mitsubishi Aircraft Int'l, Inc.*, 678 F. Supp. 1064, 1066 (S.D.N.Y. 1988) ("Since DOHSA provides a remedy in admiralty, admiralty principles are applicable and a DOHSA plaintiff has no right to a jury trial of wrongful death claims."). Accordingly, Plaintiff's demands for a jury trial should be denied.[4]

WHEREFORE, the Defendant, Royal Caribbean Cruises, Ltd., respectfully requests that this Court enter an Order dismissing the Complaint in its entirety, limit Plaintiff's damages to those allowed under the Death on the High Seas Act, and strike Plaintiff's jury trial demand.

Dated:  February 4, 2013
Miami, Florida

---

[4] Defendant further notes that Plaintiff is not entitled to a jury trial based on diversity jurisdiction since the DOHSA claim is the only claim before the Court. *See Jacobs v. Northern King Shipping Co., Ltd.*, 1997 U.S. Dist. Lexis 20232 (E.D. La. Dec. 11, 1997) (finding that where both diversity and admiralty jurisdiction were invoked, the court declined to allow a jury trial for the DOHSA claim); *Mayer v. Cornell University, Inc.*, 909 F.Supp. 81 (N.D.N.Y. 1995) (finding that since plaintiff "cannot maintain a state survival cause of action, it stands to reason that she is not entitled to invoke the court's diversity jurisdiction so as to gain the right to a jury trial in this DOHSA based admiralty action."). Accordingly, Plaintiff's claim must be tried before the bench.

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**

BY: ***/s/ Darren W. Friedman***
        DARREN W. FRIEDMAN (FBN 0146765)
        dfriedman@fflegal.com
        ELISHA SULLIVAN (FBN 57559)
        esullivan@fflegal.com
        One Biscayne Tower, Suite 2300
        2 South Biscayne Boulevard
        Miami, FL  33131
        Tel: 305-358-6555/Fax: 305-374-9077
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 4th day of February 2013. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: ***/s/  Darren W. Friedman***
        DARREN W. FRIEDMAN, ESQ.

## SERVICE LIST
CASE NO: 13-cv-20090-LEONARD/O'Sullivan

| | |
|---|---|
| Joel M. Barnett, Esq. (FBN 248428) | Darren W. Friedman, Esq. (FBN 0146765) |
| waksbar@aol.com | dfriedman@fflegal.com |
| WAKS & BARNETT, P.A. | Elisha Sullivan, Esq. (FBN 57559) |
| 9900 SW 107th Avenue, Suite 101 | esullivan@fflegal.com |
| Miami, Florida 33176 | FOREMAN FRIEDMAN, PA |
| Tel: 305-271-8282/Fax: 305-595-9776 | One Biscayne Tower – Suite #2300 |
| Counsel for Plaintiff | 2 South Biscayne Boulevard |
| | Miami, Florida 33131 |
| | Tel: 305-358-6555/ Fax: 305-374-9077 |
| | Counsel for Defendant |