UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 13-cv-20090-LENARD/O'Sullivan

PATRICIA FRANZA, as Personal
Representative of the Estate of
PASQULALE F. VAGLIO,

      Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD,
a Liberian Corporation,

      Defendant.

_____/

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S DEMAND FOR TRIAL BY JURY

The Defendant ROYAL CARIBBEAN CRUISES, LTD. ("RCCL"), hereby replies to Plaintiff's Response to Defendant's Motion to Dismiss as follows:

### I. *Barbetta* is well-settled maritime law, pursuant to which Plaintiff's Negligence claim must be dismissed.

While Plaintiff does not dispute that this case is governed by the general maritime law, she nonetheless asks this Court to ignore the well-settled maritime law of *Barbetta v. S/S Bermuda Star*, 848 F.2d 1364 (5th Cir. 1988) and its progeny. There can be no dispute that under general maritime law, a shipowner, as a matter of law, cannot be held vicariously liable for the alleged negligence of medical staff onboard the ship. Defendant's Motion to Dismiss cites a wealth of cases, all of which upheld the rule of *Barbetta*, including this Court's own ruling just two months ago in *Farrell v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 8136 (S.D. Fla. Jan. 2, 2013).

Plaintiff does not cite to any cases which lend credence to her position that the *Barbetta* rule should be disregarded by this Court. First, Plaintiff points to *Lobegeiger v. Celebrity Cruises, Inc.*, 2011

WL 3703329 (S.D. Fla. 2011) for the proposition that *Barbetta* is outdated, and that the Eleventh

Circuit has not addressed the rule stated in *Barbetta*. *Lobegeiger* was addressing a claim for apparent

agency, not a claim for direct, vicarious liability. Further, while it may be technically true that the

Eleventh Circuit has not issued a written opinion affirming *Barbetta*, at least one Court has explained

why this is an unpersuasive argument:

> Nor does the Court give credence to Plaintiff's assertion that *Barbetta* is especially
> susceptible to distinction or abrogation because neither the Supreme Court nor the
> Eleventh Circuit has affirmatively pronounced or reiterated the rule in holdings of
> their own. That the Supreme Court has not explicitly weighed in means nothing at
> all, since it would have no reason to grant a writ of certiorari on a question of general
> maritime law over which there is absolutely no disagreement among the lower
> courts. And while the Eleventh Circuit may not have had occasion to explicitly rule
> on the matter, it has at least affirmed the decisions of district courts that applied
> *Barbetta*. See, e.g., Nanz v. Costa Cruises, Inc., 932 F.2d 977 (11th cir. 1991)
> (unpublished table decision), aff'ing 1991 AMC 48 (S.D. Fla. 1990) (holding that "as
> a matter of law, [a shipowner] cannot be held liable for the negligence, if any, of [a
> shipboard medical provider]").

*Hung Kang Huang v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 176566, 10-11 (S.D. Fla. Dec. 10,

2012)

Plaintiff also asserts that this Court should ignore *Barbetta* and adopt the "minority rule" in *Nietes*

*v. American President Lines, Ltd.*, 188 F.Supp. 219 (N.D. Cal. 1959) and *Carlisle v. Carnival Corp.*, 864

So.2d 1 (Fla. 3d DCA 2004), *rev'd Carnival Corp. v. Carlisle*, 953 So.2d 461 (Fla. 2007). However, this

argument is not persuasive. *Nietes* has not been adopted by any court in this circuit. Further, the

*Carlisle* decision, as acknowledged by the Plaintiff, was reversed on appeal by the Florida Supreme

Court. In reversing, the Florida Supreme Court recognized that "(a)n impressive number of courts

from many jurisdictions have, for almost one hundred years, followed the same basic rule…"*Id.* at

466 (citing *Barbetta* at 1369). Plaintiff also points to *Fairley v. Royal Cruise Line, Ltd.*, 1993 AMC 1633

(S.D. Fla. 1993) as a case wherein *Barbetta* was criticized, however, that case did not ignore *Barbetta*

rule, and on the contrary, noted that "the overwhelming tide of case law on the question holds that a

shipowner may not be held vicariously liable for the torts of the ship's doctor."

Even if a minority rule exists, it has not been accepted by the Courts of this District. *See Huang* (noting that "courts in this District have roundly upheld the rule in *Barbetta*."). [1]

Plaintiff relies heavily upon an article authored by local attorney Robert D. Peltz. The fact that Plaintiff is forced to rely on an articles rather than the substantive law underscores the weakness in her argument that this Court should adopt the "minority rule" she espouses. The article references the Cruise Vessel Security and Safety Act ("CVSSA") which the Plaintiff notes mandates that cruise ships carry "'medical staff' to provide 'medical treatment' to *sexual assault victims*. Clearly, this is not a case that involves a sexual assault victim, nor is it a case where the CVSSA has any particular relevance. Even if under CVSSA a cruise ship must carry medical staff to serve a discrete category of passengers, that does not change the fact that a ship is not a "floating hospital", and the ship has no duty to maintain a doctor on board for medical services generally. *See Wajnstat v. Oceania Cruises, Inc.*, 2011 U.S. Dist. LEXIS 10900, 5, 2011 WL 465340 (S.D. Fla. Feb. 4, 2011)(citing *Barbetta*). This Court correctly stated the rule in *Farrell*:

> A carrier…owes no duty to maintain a doctor on board for the benefit and convenience of its passengers. A carrier accordingly owes no duty to train shipboard medical staff. Nor does it owe a duty to provide medical transportation, or to provide medical equipment such as wheelchairs. Furthermore, a carrier is not required to promulgate or enforce particular medical directives regarding patient care, and it is thus not negligent if it fails to do so.

*Farrell v. Royal Caribbean Cruises, Ltd.*, 2013 U.S. Dist. LEXIS 8136, 6-7 (S.D. Fla. Jan. 2, 2013)(internal citations omitted).

---

[1] Although in *Huntley v. Carnival Corp.*, 307 F.Supp.2d 1372, 1374 (S.D. Fla. 2004) (King, J), the Court found *Nietes* and the Third DCA opinion in *Carlisle* persuasive, Judge King subsequently rejected his own holding in *Huntley*. In subsequent opinions Judge King affirmed the viability of *Barbetta*. *See Balachander v. NCL Ltd.*, 800 F. Supp. 2d 1196  (S.D. Fla. 2011) and *Ridley v. NCL (Bahamas) Ltd.*, 824 F. Supp. 2d 1355 (S.D. Fla. 2010).

Page 3
**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

Plaintiff also advances the argument that changes in technology have rendered the rationale of *Barbetta* obsolete. In *Hung Kang Huang*, the Court expressly rejected just this argument:

> Plaintiff…argues that *Barbetta*'s foundations have been eroded by changes in modern technology, which can put shipboard medical staff in virtual contact with the ship owner's onshore  [10] medical personnel. To establish an exception to the rule on that basis, however, would imply that shipboard medical staff (which in this case consisted of independent contractors) owe their patients a duty to confer remotely with a shipowner's employed medical staff in the course of rendering treatment, and that a breach of that duty could then be imputed to the shipowner vicariously. The Court declines to venture into those waters.

*Hung Kang Huang v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 176566, 9-10 (S.D. Fla. Dec. 10, 2012).

There is no reasonable basis for this Court to abrogate the long standing and well-settled rule set forth in *Barbetta*, which has been applied uniformly by the Courts of this District, including this Court in *Farrell*. Accordingly, the Defendant respectfully requests that this Court dismiss Count I of the Complaint with prejudice.

**II.  Plaintiff's request for Rule 54(b) certification should be denied.**

Plaintiff next requests that in the event this Court dismisses Count I of the Complaint, that it enter a final judgment as to that Count only under FRCP 54(b) and certify the order for interlocutory appellate review. In determining whether to certify a judgment under Rule 54(b), the Court must undertake a two step analysis. "First, the court determines whether the order proposed to be certified is in fact a final judgment in that it constitutes the ultimate disposition of a separable claim for relief." *United States ex rel. Armield v. Gills*, 2011 U.S. Dist. LEXIS 55089, 7-8, 2011 WL 2084072 (M.D. Fla. May 23, 2011). "Second, the district court determines whether there is no 'just reason for delay' in certifying the order as final and immediately appealable." *Id.* at 8. The second part of the analysis requires the Court to balance judicial administration interests and relevant equitable concerns. *Id.* The first factor serves to "ensure that application of the Rule "effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.* quoting *Ebrahimi v. City of*

*Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). The second factor limits Rule 54(b) certification "to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Id.* at 166 (citations omitted). All in all, "Rule 54(b) certifications 'must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowdign the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.'" *Id.* quoting *Ebrahimi*.

Here, application of the two-part test to the circumstances at hand do not justify immediate certification in the event this Court dismisses Count I of the Complaint. While Plaintiff has asserted her claim as three separate counts, ultimately, they all seek the same relief, to hold the cruise line responsible for the alleged negligence of the ship's medical staff. Particularly, counts I and II of the Complaint both seek to hold the Defendant liable for the alleged negligence of the shipboard medical staff, albeit count I via an actual agency theory, and Count II by an apparent agency theory. Therefore, it cannot be said that these are really separate claims for relief such that immediate appeal of one, while the other remains pending in the trial court, would be justified under the rule. As to the second factor, in the event that Count I is dismissed, but the remainder of the Plaintiffs claims are permitted to proceed, Plaintiff will not suffer any hardship or injustice in waiting for final disposition of the claim, as she is seeking the same damages, and is seeking to hold the same Defendant liable under each of her alleged theories of liability. This is not the "unusual case" contemplated by the Eleventh Circuit for interlocutory appeal under Rule 54(b). Accordingly, this Court should deny Plaintiff's request for immediate certification under Rule 54(b).

**III. Plaintiff's claim for apparent agency should be dismissed.**

    **a. Plaintiff cannot plead around the rule of *Barbetta* by alleging that the ship's doctor and nurse were the apparent agents of the Defendant instead of the actual agents.**

While Plaintiff is correct that some courts in this district have allowed similar claims of apparent agency to proceed beyond the motion to dismiss state, the better reasoned decisions have found that this theory of liability fails as a matter of law in light of the decision in *Barbetta*. As noted in Plaintiff's response, *Wajnstat v. Oceania Cruises, Inc.*, 2011 U.S. Dist. LEXIS 10900, 2011 WL 465340 (S.D. Fla. Feb. 4, 2011) rejected the theory of apparent agency as a means to plead around the *Barbetta* rule. In *Wajnstat*, Judge Cooke noted that "the Rule of *Barbetta* does not allow for liability under an apparent agency theory since the doctrine of apparent agency is simply a form of *respondeat superior*. In other words, it does not matter whether the ship's physician is an actual agent, apparent agent, or otherwise, under maritime law the shipboard doctor's liability is not [to] be imputed to the carrier. The rationale of the court in *Barbetta* does not leave room for pleading around the rule, by labeling the legal theory "apparent agency" as opposed to *respondeat superior*." *Wajnstat*, 2011 U.S. Dist. LEXIS 10900, 11-12. This same reasoning was adopted in *Balachander* ("under any theory, it is inconsistent with the law of this circuit to hold a cruise line liable for the negligence of a ship doctor."). *Balachander v. NCL Ltd.*, 800 F. Supp. 2d 1196, 1204-1205 (S.D. Fla. 2011). In other words, if a ship owner cannot be held liable for the alleged negligence of its actual agent, it would make no sense to hold it responsible for the alleged negligence of an apparent agent. *See Hill v. Celebrity Cruises, Inc.*, Case No. 09-23815-cv-Moreno/Brown, 2011 U.S. Dist. LEXIS 128744, *5-6 (S.D. Fla. Nov. 7, 2011) ("Although Plaintiff may be able to conjure up more facts demonstrating Celebrity's manifestations of the physician being their agent, it would be illogical to hold Celebrity liable under a theory of apparent agency when clearly established maritime law precludes liability under a theory of actual agency.").

In *Huang Hung Kang*, the Court noted that:

> Furthermore, the trend does seem to be toward reading the *Barbetta* Rule itself as a bar to any form of vicarious liability for the actions of medical staff, regardless of the doctrinal label affixed to the particular claim. See, e.g., *Wajnstat v. Oceania Cruises, Inc.*,

No. 09-21850, 2011 U.S. Dist. LEXIS 10900, 2011 WL 465340, at *4 (S.D. Fla. Feb. 4, 2011) ("The Rule of *Barbetta* does not allow for liability under an apparent agency theory since the doctrine of apparent agency is simply a form of *respondeat superior* liability.") (citing 3 Am Jur. 2d Agency 262); Benedict on Admiralty § 9.03[b] ("It seems illogical for a court to allow a plaintiff to prevail against a defendant on a claim of apparent agency when that same defendant could not be found liable if the doctor was their actual agent.").

*Hung Kang Huang v. Carnival Corp.*, 2012 U.S. Dist. LEXIS 176566, 17 fn 2 (S.D. Fla. Dec. 10, 2012). Likewise, here, the better reasoned approach is to apply the reasoning that if a shipowner is not vicariously liable under a theory of actual agency for the alleged negligence of shipboard medical staff, it cannot be held liable under a theory of apparent agency.

**b. Even if apparent agency were a viable theory, plaintiff has nonetheless failed to adequately plead this cause of action.**

Further, even if a claim of apparent agency could proceed in light of *Barbetta*, the Plaintiff here has not adequately alleged apparent agency. In its Motion to Dismiss, the Defendant argued that under the three-part test for apparent agency, the Plaintiff 1) failed to allege reasonable reliance and 2) failed to allege how the decedent acted upon such belief to his detriment.

With respect to reasonable reliance, the Defendant noted that the passenger ticket contract expressly advised the decedent that the ship's medical staff were independent contractors. Plaintiff's response does not even address *Wajnstat* case which dismissed a claim for apparent agency for this very reason. Rather, Plaintiff contends that "(p)arties often include conclusory statements in contracts and other documents with regard to the independence of the relationship of the parties, even where the circumstances reflect otherwise.." (D.E. 13 at p. 17). Be this as it may, the decedent accepted the terms and conditions of the ticket contract as a condition precedent to boarding the subject vessel, and further, the Plaintiff's response fails to identify how, beyond the alleged manifestations of agency, the ship's doctors and nurse were the actual agents of RCL. In fact, the law is clear that the shipboard medical staff are *not* the agents of the defendant, even in the absence

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

of the provision of the ticket contract advising of the independent contractor relationship. *See Barbetta* ("We note only that because there was no liability to disclaim, the contractual provision is not a disclaimer; it is instead, merely an accurate restatement of the principles of general maritime law…" *Barbetta*, 848 F.2d at 1372 fn 2. Further, it has been noted that "(a)bsent an explicit manifestation by the ship owner countering the settled principle that medical staff are not their agents, it is unreasonable as a matter of law for a passenger to believe that the medical staff are the ship owner's agents." *Hung Kang Huang* at *11-12.

With respect to the third element of an apparent agency claim, that the Plaintiff must act to his detriment upon the alleged apparent agency, Defendant previously cited to this Court's Order in *Farrell* which dismissed a similar allegation of apparent agency where the Plaintiff failed to allege how she acted or relied upon her belief that there was an agency relationship. Similarly, here, the Complaint fails to allege how the decedent acted in reliance upon the alleged apparent agency. Plaintiff's response does not meet this argument head-on by pointing to any allegation of the Complaint that alleges that the decedent relied upon the alleged apparent agency. Instead, Plaintiff merely quotes the entirety of Count II of the Complaint, and asserts that "There is no requirement that the Plaintiff allege that he would have acted differently if he were informed that the ship's medical staff were independent contractors. He must merely allege that he relied upon the ship's holding out of the medical staff as its own and that he suffered damages as a result." (D.E. 13 at p. 18). This misses the point, and ignores the fact that the Plaintiff must plead that the decedent acted *in reliance on the agency relationship*. Plaintiff avers that it is sufficient to allege that the decedent relied upon the advice of the medical personnel onboard the ship, but this in no way explains how the decedent relied upon the alleged apparent agency relationship. Accordingly, Plaintiff's apparent agency claim should be dismissed.

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

**IV. Plaintiff's Response fails to explain how the Complaint adequately alleged Negligent Hiring and Retention and, because Plaintiff has failed to properly plead this count, it should be dismissed.[2]**

In its Motion to Dismiss, the Defendant argued that Plaintiff's count for Negligent Hiring, Retention and Training should be dismissed as Plaintiff failed to allege what RCL either knew or should have known, either before or after hiring the shipboard medical personnel at issue in this case, that would have put RCL on notice that they were not competent and duly qualified to perform their duties. Again, rather than addressing the legal argument, Plaintiff's Response merely quotes Count III of her Complaint and asserts that the necessary allegations are there. Further, Plaintiff argues that whether a physician has been negligently hired is an issue of fact. However, there is no factual question to reach where there are insufficient factual allegations in the Complaint to properly allege all of the elements of the claim to withstand a Motion to Dismiss. Here, the requisite allegations of fact are plainly missing from the Complaint. Plaintiff has not alleged that there are any facts which RCL knew or should have known about that would have put it on notice as to the alleged unfitness of the subject medical personnel. Like the allegations dismissed by this Court in *Farrell*, the Complaint alleges only that RCL failed to hire qualified medical personnel. This is insufficient to properly allege negligent hiring. *Farrell,* p. 6-7. Accordingly, Count III of the Complaint should be dismissed.

**V. Plaintiff's Response failed to address Defendant's arguments with respect to DOHSA**

---

[2] Plaintiff apparently concedes that there can be no claim for negligent training as this point is not addressed in the Response. *See also Farrell* ("A carrier accordingly owes no duty to train shipboard medical staff.")(citing *Wajnstat v. Oceania Cruises, Inc.*, No. 09-21850, 2011 WL 465340, at *3 (S.D. Fla. Feb. 4, 2011).

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

Plaintiff's Response makes no mention of Defendant's argument that DOHSA provides the exclusive remedy in this case, and that any claims must be dismissed to the extent they are not permitted by DOHSA. "Where possible, ruling on the applicability of DOHSA early in the case 'will prevent unnecessary litigation in the event that DOHSA applies.'" *Balachander v. NCL Ltd.*, 800 F. Supp. 2d 1196, 1201, 2011 U.S. Dist. LEXIS 86527 (S.D. Fla. 2011) (quoting *Ridley v. NCL (Bahamas) Ltd*, 2010 WL 4237329, at *3 n.7 (S.D. Fla. Oct. 14, 2010)). Accordingly, and as requested in Defendant's Motion to Dismiss, to the extent Plaintiff's Complaint is not dismissed in its entirety, any claims must be limited to those which are permitted under DOHSA.

**VI. Plaintiff's Response failed to respond to Defendant's Motion to Strike Plaintiff's Jury Trial Demand.**

Plaintiff's Response further fails to address Defendant's Motion to Strike Plaintiff's jury trial demand. Accordingly, and for the reasons stated in Defendant's Motion, the Defendant respectfully requests that this Court strike Plaintiff's jury trial demand.

WHEREFORE the Defendant, Royal Caribbean Cruises respectfully requests that this Court grant Defendant's Motion to Dismiss Plaintiff's Complaint and to Strike Plaintiff's Demand for Jury Trial together with any such other and further relief as this Court deems appropriate.

Dated:  March 4, 2013
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**

BY: ___*/s/ Elisha Sullivan*___
   DARREN W. FRIEDMAN (FBN 0146765)
   dfriedman@fflegal.com
   ELISHA SULLIVAN (FBN 57559)
   esullivan@fflegal.com
   One Biscayne Tower, Suite 2300
   2 South Biscayne Boulevard
   Miami, FL  33131
   Tel: 305-358-6555/Fax: 305-374-9077
   *Attorneys for Defendant*

Case No: 13-cv-20090-LENARD/O'Sullivan

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 4th day of March 2013. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

BY: */s/ Elisha Sullivan*
ELISHA SULLIVAN, ESQ.

## SERVICE LIST
### CASE NO: 13-cv-20090-LEONARD/O'Sullivan

Joel M. Barnett, Esq. (FBN 248428)
waksbar@aol.com
WAKS & BARNETT, P.A.
9900 SW 107th Avenue, Suite 101
Miami, Florida 33176
Tel: 305-271-8282/Fax: 305-595-9776
Counsel for Plaintiff

Philip D. Parrish, Esq. (FBN 541877)
phil@parrishappeals.com
PHILIP D. PARRISH, P.A.
7301 SW 57th Court, Suite 430
Miami, Florida 33143
Tel: 305-670-5550/Fax: 305-670-5552
Counsel for Plaintiff

Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Elisha Sullivan, Esq. (FBN 57559)
esullivan@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower – Suite #2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-6555/ Fax: 305-374-9077
Counsel for Defendant