UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 13-cv-20090-LENARD/O'Sullivan

PATRICIA FRANZA, as Personal
Representative of the Estate of
PASQUALE F. VAGLIO,

        Plaintiff,

v.

ROYAL CARIBBEAN CRUISES, LTD.,
a Liberian corporation,

        Defendant.
_____/

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW
REGARDING RIGHT TO JURY TRIAL**

    COMES NOW the Plaintiff, PATRICIA FRANZA, as Personal Representative of the Estate of PASQUALE F. VAGLIO, by and through undersigned counsel and submits this Supplemental Memorandum of Law in Opposition to RCCL's assertion that the Plaintiff is not entitled to a jury trial [DE 7] and states as follows:

    1.    Historically, a plaintiff injured in a maritime tort such as the present case, had three options for filing suit. He could file suit in federal court under admiralty jurisdiction; he could file suit in state court under the Savings-to Suitors clause; or he could file suit in federal court under the Savings-to-Suitors clause provided that diversity jurisdiction existed. However, Mr. Vaglio's passenger ticket contract with RCCL required his personal representative to file suit in federal court, and Florida courts have enforced such provisions, seemingly in contravention of the Savings-to-Suitors clause. *See Leslie v. Carnival Corp.,* 22 So.3d 561 (Fla. 3d DCA 2008), *affirm'd,* 22 So.3d 567 (Fla. 3d DCA 2009) (*en banc*), *rev. den'd,* 44 So.3d 1178 (Fla. 2010), *cert. denied,* ___U.S.___,

131 S.Ct. 1603, 179 L.Ed.2d 499 (2011).  Thus Mr. Vaglio's personal representative was forced to file suit in federal court and in this district.  Nevertheless, the personal representative invoked this Court's diversity jurisdiction. (DE 1 ¶1).

2. The Savings-to-Suitors clause has always treated the right to a jury trial, at least as to *in personam* actions in admiralty, as a remedy, not some mere procedural device.  *See, e.g., Lewis v. Lewis and Clark Marine, Inc.*, 531 U.S. 438, 454, 121 S.Ct. 993, 1004, 148 L.Ed.2d 931 (2001). There, the Supreme Court noted that "[t]racing the development of the clause since the Judiciary Act of the 1789, it appears that the clause was designed to protect remedies available at common law." The Court concluded that "[t]rial by jury is an obvious, but not exclusive, example of the remedies available to suitors." *Id*. at 454-455.

3. In order to induce the ruling of the Third District Court of Appeal in *Leslie v. Carnival Corp., supra*, Carnival agreed to consent to jury trials in cases which would otherwise not qualify for diversity jurisdiction in federal court.  *Leslie*, 22 So.3d at 562.  Upon information and belief, RCCL generally adheres to the same stipulation.

4. *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 227, 106 S.Ct. 2485, 2497, acknowledged that "state and federal courts exercising jurisdiction under the "Savings-to-Suitors" clause over maritime claims for deaths on the high seas were obliged to apply governing federal substantive law in resolving those claims to the extent state common law remedies conflicted with governing federal maritime law."

5. This passage has been interpreted to mean that DOHSA cases "could be brought at law but that the substantive provisions of DOHSA would apply." *Snyder v. Whitaker Corp.,* 839 F.2d 1085, 1094 (5th Cir. 1988).  Other courts have held that the Savings clause of the Death on the High Seas Act preserves jury trial right in state court, and, by extension, on the law side of federal

court. *Curcuru v. Rose's Oil Serv., Inc.,* 802 N.E.2d 1032, 1037 (2004). The *Curcuru* court noted that "commentators have similarly concluded that one of the ramifications of *Offshore Logistics, Inc. v. Tallentire, supra,* is that jury trials are now available for DOHSA claims filed in state court. *See 2 Benedict,* Admiralty Sections 81(b), 82(c) (2001). *See also Garofalo v. Princess Cruises, Inc.,* 85 Cal.App.4th 1060, 102 Cal.Rptr.2d 754 (Cal. Ct. App. 2000).

6. Another court in this district recently grappled with this issue. *See Lasky v. Royal Caribbean Cruises, Ltd.,* 850 F.Supp.2d 1309 (S.D. Fla. 2012). Judge Seitz began her analysis by noting that the Supreme Court has found that while the 7th Amendment does not require jury trials in admiralty cases, it does not forbid them and neither does any other statute or rule of procedure. *See Fitzgerald v. United States Alliance Co.,* 374 U.S. 16, 20, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). She also noted that "DOHSA is silent as to whether it permits jury trials." *Lasky*, 850 Supp.2d at 1313.

7. Judge Seitz perceived two situations where federal courts have permitted jury trials in cases involving DOHSA claims. The first is when, in addition to a DOHSA claim, the plaintiff also asserts another claim that carries a right to a jury trial, such as a Jones Act claim. *Id*.

8. The second theory is where, in addition to asserting a DOHSA claim, the plaintiff also asserts another claim that does not necessarily entitle her to a jury trial, but that invokes the court's diversity jurisdiction. *Id*. Relying upon *Atlantic and Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355 (1962), Judge Seitz observed that courts have permitted jury trials in DOHSA claims where the plaintiff has only *in personam* claims and has invoked the court's diversity jurisdiction. *Id*. at 1314. *See, e.g., Tozer v. LTV Corp.,* 1983 WL 705, at *6 - *7 (D. Md. 1983) (holding that plaintiffs were entitled to a jury trial in their federal DOHSA and general maritime claims where they invoked the course of diversity jurisdiction and elected to maintain their action for damages at law

with the right of trial by jury.) *See also Favaloro v. S/S Golden Gate,* 687 F.Supp 475, 481 (N.D. Cal. 1987) (parties entitled to jury on DOHSA claims where there is diversity jurisdiction).

9. Nevertheless, Judge Seitz concluded that "there is no binding precedent" to suggest that the federal courts may sit as diversity courts in applying DOHSA. She thus held that the plaintiff had no independent basis for diversity jurisdiction. *Id*. at 1315.

10. Respectfully, Judge Seitz' analysis is incomplete. The existence of diversity jurisdiction, without a specific notice that the plaintiff is invoking Rule 9(h), does not divest a plaintiff of his or her right to a jury trial for an *in personam* action that might otherwise be filed on the admiralty side of the court as well. *See, e.g., Gonzalez v. M/V Destiny Panama,* 203 F.R.D. 673 (S.D. Fla. 2001). As Judge Seitz noted, DOHSA is silent on the issue of jury trials. Yet Congress was well aware of the Savings-to-Suitors clause when it enacted DOHSA. Thus, its silence on the issue more likely means that Congress understood that DOHSA plaintiffs would have the right to elect a jury trial in state or federal court.

### Conclusion

For the foregoing reasons, this Court should deny RCCL's Motion to Strike Jury Trial Demand [DE 7].

DATED:     March 7, 2013                                     Respectfully submitted,
                 Miami, Florida

                                                                PHILIP D. PARRISH, P.A.

                                                               By: */s/ Philip D. Parrish*
                                                               Philip D. Parrish (FBN) 541877
                                                               phil@parrishappeals.com
                                                               7301 SW 57th Court, Suite 430
                                                               Miami, Fl 33143
                                                               Tel:    305-670-5550
                                                               Fax:   305-670-5552
                                                               *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 7, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Philip D. Parrish
Philip D. Parrish (541877)

## SERVICE LIST
CASE NO: 13-cv-20090-LEONARD/O'Sullivan

Joel M. Barnett, Esq.
waksbar@aol.com
WAKS & BARNETT, P.A.
9900 SW 107 Avenue, Suite 101
Miami, Florida 33176
Tel:     305-670-5550
Fax:    305-670-5552
*Counsel for Plaintiff*

Philip D. Parrish, Esq.
phil@parrishappeals.com
PHILIP D. PARRISH, P.A.
7301 SW 57th Court, Suite 430
Miami, Fl 33143
Tel:     305-670-5550
Fax:    305-670-5552
*Counsel  for Plaintiff*

Darren W. Friedman, Esq.
dfriedman@fflegal.com
Elisha Sullivan, Esq.
esullivan@fflegal.com
FOREMAN FRIEDMAN, P.A.
One Biscayne Tower - Suite 2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel:     305-358-6555
Fax:    305-374-9077
*Counsel for Defendant*