UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 13-cv-20090-LENARD/O'Sullivan

PATRICIA FRANZA, as Personal
Representative of the Estate of
PASQULALE F. VAGLIO,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD,
a Liberian Corporation,

    Defendant.
_____/

**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S JURY TRIAL DEMAND**

The Defendant ROYAL CARIBBEAN CRUISES, LTD. ("RCL"), hereby replies to Plaintiff's Response to Defendant's Motion to Strike Plaintiff's Jury Trial Demand and states:

In its Motion, Defendant argued that DOHSA is Plaintiff's exclusive remedy in this case, and because DOHSA is a statutory claim that is brought in admiralty, there is no right to jury trial.

    **I.    The forum selection clause of the decedent's passenger ticket contract is enforceable, and because this case is subject to the exclusive admiralty jurisdiction of this Court, Plaintiff is not entitled to a jury trial**

Plaintiff first asks this Court to consider the argument that forcing the Plaintiff to file suit in federal court violates the Savings to Suitors clause, despite the fact that it has been ruled repeatedly that forum selection clauses such as the one in decedent's passenger ticket contract are valid. *See Leslie v. Carnival Corp.,* 22 So.3d 561 (Fla. 3d DCA 2008), *affirm'd,* 22 So.3d 567 (Fla. 3d DCA 2009) (*en banc*), *rev. den'd*, 44 So.3d 1178 (Fla. 2010), *cert. denied,* 2011 U.S. LEXIS 1946, 131 S.Ct. 1603, 179 L.Ed.2d 499 (2011); *Wiesenberg v. Costa Crociere, S.p.A.,* 35 So. 3d 910, 912 (Fla. Dist. Ct. App. 3d Dist. 2010); *Morrissette v. Norwegian Cruise Line Ltd.*, 25 So. 3d 630, 631 (Fla. 3d DCA 2009). Plaintiff

asserts that in the *Leslie* case, Carnival Corporation *induced* the Court's ruling by stipulating that it would consent to jury trial in federal court, and that "upon information and belief," this Defendant adheres to the same stipulation. While the *Leslie* Court notes that Carnival made such a representation, there is no indication that this was the basis for the Court's ruling or that the Court was somehow "induced." Further, Plaintiff cites nothing in support of her contention that this Defendant, not a party to the *Leslie* case, adheres to the same automatic stipulation.

Plaintiff also cites to *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 227, 106 S.Ct. 2485 (U.S.) and its progeny for the proposition that jury trials are available to plaintiffs bringing DOHSA claims in state court "and, by extension, on the law side of federal court." Pursuant to the above referenced authorities, the argument that jury trials are available in DOHSA cases in state court, whether or not correct, is irrelevant as Plaintiff's case is not pending in state court, nor could it have been brought in state court pursuant to the decedent's passenger ticket contract. <u>Further, Plaintiff cites no authority for her contention that the right to a jury trial is available on the law side of federal court</u>.[1]

Plaintiff's citation to Benedict on Admiralty likewise does not support her position, and in fact cuts against the point that she is arguing. Section 81(b) provides, in pertinent part:

> The action may be pursued non-jury under the admiralty jurisdiction of federal district courts. If a basis for federal-court jurisdiction exists independent of DOHSA -- such as Jones Act or diversity jurisdiction -- it appears that all claims, including the DOHSA claims, may be tried to a jury. Alternatively, under Section 7 of the Act, a DOHSA claim may be pursued in state court, either jury or non-jury.

2-VII Benedict on Admiralty § 81 (internal citations omitted). Thus this section notes that a jury trial is available where there is an independent basis for federal court jurisdiction, or where the claim is pursued in state court, neither of which is the case here. Further, although §82(c) notes that "by virtue of the Saving-to-Suitors Clause of the Judiciary Act of 1789, a plaintiff who can claim diversity jurisdiction is permitted a jury trial of an admiralty claim in district court," that section cites to *Powell*

---

[1] Both of her cited cases were pending in state courts.

*v. Offshore Navigation, Inc.*, 644 F.2d 1063 (5th Cir.1981), which predates the decision in *Curry v. Chevron, USA*, 779 F.2d 272 (5th Cir. 1985) in which the same court noted that "DOHSA actions are brought in admiralty and as such no jury trial may be had."

## II.   *Lasky v. Royal Caribbean Cruises* was correctly decided

Plaintiff next attempts to distinguish the recent case of *Lasky v. Royal Caribbean Cruises, Ltd.*, 850 F.Supp.2d 1309 (S.D. Fla. 2012)[2], in which the Court held that a Plaintiff was not entitled to a trial by jury in a case very similar to the present, where the Plaintiff brought a claim for wrongful death under DOHSA. In that case, the Court noted two instances in which a plaintiff bringing a DOHSA claim may be entitled to a jury trial. The first instance is where "in addition to a DOHSA claim, the plaintiff also asserts another claim that carries a right to a jury trial and both claims arise out of the same transaction or occurrence..."*Id.* at 1313. The second is "where, in addition to asserting a DOHSA claim, a plaintiff also asserts another claim that does not necessarily entitle her to a jury trial, but that invokes the court's diversity jurisdiction." *Id.*

Here, as in *Lasky*, neither of the exceptions to the rule that a jury trial is unavailable in a DOHSA case brought in federal court applies. Plaintiff's claim in this case is solely for wrongful death under DOHSA. Nonetheless, Plaintiff asserts that the analysis of *Lasky* is incomplete. However, in *Lasky*, the Court was addressing precisely the situation present in our case and still decided that the Plaintiff had no right to a jury trial. Plaintiff does not explain <u>why</u> the *Lasky* court was incorrect. She cites to *Gonzalez v. M/V Destiny Panama*, 203 F.R.D. 673 (S.D. Fla. 2001), however, in that case the Plaintiff had a Jones Act Claim which provides for a jury trial. Further, the Plaintiff in this case pled both diversity and admiralty jurisdiction (D.E. 1, ¶¶1-2) not just diversity jurisdiction as the Response infers. Accordingly, Plaintiff's argument, even if correct, has no bearing.

---

[2] The reference to *Lasky* further discredits Plaintiff's position that RCL typically stipulates to a jury trial.

Finally, RCL reiterates that it is well settled law that DOHSA claims are claims in admiralty and are tried to the bench. *See*, *Favaloro v. S/S Golden Gate*, 687 F. Supp. 475, 481 (N.D. Cal. 1987) ("Ordinarily, there is no right to a jury trial in an action under the court's maritime jurisdiction."); *Curry v. Chevron, USA*, 779 F.2d 272, 274 fn.1 (5th Cir. 1985) ("DOHSA actions are brought in admiralty and as such no jury trial may be had."); *see also Higa v. Transocean Airlines*, 230 F.2d 780, 782 (9th Cir. 1955), *cert. dismissed*, 352 U.S. 802 (1956) (the court, in holding that there was no right to trial by jury for a DOHSA claim, stated, "[The] contention of a right to jury trial was discussed in the House in the consideration of the bill which was enacted that day, March 30, 1920. The discussion … clearly shows that the admiralty jurisdiction is exclusive."); *Friedman v. Mitsubishi Aircraft Int'l, Inc.*, 678 F. Supp. 1064, 1066 (S.D.N.Y. 1988) ("Since DOHSA provides a remedy in admiralty, admiralty principles are applicable and a DOHSA plaintiff has no right to a jury trial of wrongful death claims.").

WHEREFORE the Defendant Royal Caribbean Cruises, Ltd. respectfully requests that this Court grant its Motion to Strike Plaintiff's Jury Trial Demand.

Dated: March 18, 2013
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**

BY: **/s/ Elisha Sullivan**
DARREN W. FRIEDMAN (FBN 0146765)
dfriedman@fflegal.com
ELISHA SULLIVAN (FBN 57559)
esullivan@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 18th day of March, 2013. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: */s/  Elisha Sullivan*
ELISHA SULLIVAN, ESQ.

## SERVICE LIST
CASE NO: 13-cv-20090-LEONARD/O'Sullivan

Joel M. Barnett, Esq. (FBN 248428)
waksbar@aol.com
WAKS & BARNETT, P.A.
9900 SW 107th Avenue, Suite 101
Miami, Florida 33176
Tel: 305-271-8282/Fax: 305-595-9776
Counsel for Plaintiff

Philip D. Parrish, Esq. (FBN 541877)
phil@parrishappeals.com
PHILIP D. PARRISH, P.A.
7301 SW 57th Court, Suite 430
Miami, Florida 33143
Tel: 305-670-5550/Fax: 305-670-5552
Counsel for Plaintiff

Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Elisha Sullivan, Esq. (FBN 57559)
esullivan@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower – Suite #2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-6555/ Fax: 305-374-9077
Counsel for Defendant