UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 13-cv-20090-LENARD/Goodman

PATRICIA FRANZA, as Personal
Representative of the Estate of
PASQULALE F. VAGLIO,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD,
a Liberian Corporation,

    Defendant.
_____/

## DEFENDANT, ROYAL CARIBBEAN CRUISES, LTD., ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1. Defendant is without knowledge, therefore denied.

2. Admit the Court has admiralty jurisdiction over this matter and that the maritime law of the United States applies. The remainder of the allegation is denied.

3. Admit attached to the Complaint, Exhibit A, is a Letters Testamentary which appears to appoint Patricia Franza the fiduciary on behalf of the decedent, Pasquale F. Vaglio. Otherwise, denied.

4. Without knowledge, therefore denied.

5. Admit.

6. Admit Racquel Y. Garcia, RN worked onboard the Defendant's ship as a nurse and was involved in the medical care provided to the Plaintiff. The remainder of the allegation is denied.

7. Admit Rogelio Gonzales, MD worked onboard the Defendant's ship as a physician and was involved in the medical care provided to the Plaintiff. The remainder of the allegation is denied.

8. Admitted for purposes of this litigation only.

9. Admit.

10. Defendant is without knowledge, therefore denied.

11. Admit the Plaintiff was seen in the ships infirmary at or about 10 AM. Otherwise, denied.

12. Defendant is without knowledge, therefore denied.

13. Denied.

14. Denied.

15. Denied as phrased.

16. Defendant is without knowledge, therefore denied.

17. Based on information and belief, admit.

18. Defendant is without knowledge, therefore denied.

## Count I – Negligent Medical Care and Treatment

Defendant readopts and re-avers each and every response contained in paragraphs 1-18 as if fully set forth herein and states as follows:

19. Denied.

20. Denied.

    (a) – (i) Denied.

22. [sic][1] Denied.

23. Denied.

---

[1] There is no paragraph 21, in the Plaintiff's Complaint

24. Denied.

25. Denied.

## Count II – Negligence of RCCL Based Upon Apparent Agency

Defendant readopts and re-avers each and every response contained in paragraphs 1-25 as if fully set forth herein and states as follows:

26. Denied.

27. Denied.

28. Denied.

    (a) – (c)  Denied.

29. Admit the doctors and nurses aboard Royal Caribbean Cruise Lines vessels are provided with uniforms and nametags.  Otherwise, denied.

30. Admit that the doctors onboard Royal Caribbean Cruise Lines vessels are considered Medical Officers of the ship.  Otherwise, denied.

31. Denied.

32. Admit the doctors and nurses aboard Royal Caribbean Cruise Line vessels are required to follow the command of the Captain of the ship and the ship's superior officers, except with regard to the provision of medical care and treatment.

33. Admit.

34. Admit.

35. Admit that the doctors and nurses aboard Royal Caribbean Cruise Lines vessels provide medical services in the ships medical centers.  The remainder of the allegation is denied.

36. Admit that the Plaintiff was seen, examined and treated in the medical center following the alleged incident. Otherwise, denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

### Count III – Negligent Hiring, Retention and Training by RCCL

Defendant readopts and re-avers each and every response contained in paragraphs 1-25 as if fully set forth herein and states as follows:

41. Denied.

42. Defendant is without knowledge, and therefore denied.

43. Defendant admits a ship owner who elects to provide a physician for its passengers has a duty to use reasonable care in selecting competent and duly qualified medical staff. The remainder of the allegation is denied.

44. Denied.

45. Denied.
    (a) – (e) Denied.

46. Denied.

**Affirmative Defenses**

**FIRST AFFIRMATIVE DEFENSE**

As and for its first, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant asserts that the Plaintiff's claims are governed by maritime law and that any recovery is limited by same.

**SECOND AFFIRMATIVE DEFENSE**

As and for its second, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant asserts that this action is governed by and subject to, the terms, limitations, and conditions contained within the Plaintiff's and Decedent's passenger ticket contract(s), including but not limited to any exculpatory provisions, and the Defendant adopts and incorporates same in its entirety into its Answer and Affirmative Defenses by reference.

**THIRD AFFIRMATIVE DEFENSE**

As and for its third, separate and affirmative defense to the Complaint and each of its purported causes of action, the Defendant states that Plaintiff has failed to state a cause of action upon which relief can be granted.

**FOURTH AFFIRMATIVE DEFENSE**

As and for its fourth, separate and affirmative defense to the Complaint and each of its purported causes of action, the Defendant states that there was no negligence on the part of the Defendant or the shipboard doctor or nurse.

**FIFTH AFFIRMATIVE DEFENSE**

As and for its fifth, separate and affirmative defense to the Complaint and each of its purported causes of action, the Defendant states that it did not have actual and/or constructive

notice of the allegedly dangerous condition, if any, and therefore did not have a duty to warn Plaintiff and/or Decedent as to the existence of same.

## SIXTH AFFIRMATIVE DEFENSE

As and for its sixth, separate and affirmative defense to the Complaint and each of its purported causes of action, the Defendant asserts that it fully discharged its duties to Plaintiff and/or Decedent by warning of any and all dangerous or hazardous conditions, if any.

## SEVENTH AFFIRMATIVE DEFENSE

As and for its seventh, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant asserts that the alleged dangerous condition, if any, was apparent, open and obvious to Plaintiff and/or Decedent and should have been observed by Plaintiff and/or Decedent in the ordinary use of his/her senses.

## EIGHTH AFFIRMATIVE DEFENSE

As and for its eighth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant asserts that Plaintiff and/or Decedent had actual knowledge and/or notice of any alleged dangerous condition, if any, and realized and appreciated the potential for injury as a result of such alleged condition; and, having a reasonable opportunity to avoid it, consciously and voluntarily exposed himself/herself to same.

## NINTH AFFIRMATIVE DEFENSE

As and for its ninth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant alleges that the Decedent did not exercise ordinary care, caution, or prudence for his welfare to avoid the happening of the alleged incident, injuries, or damages, if any, the existence of which the Defendant expressly denies, and by this failure to do so,

the Plaintiff thereby directly and proximately contributed to the happening of said alleged injuries, losses and damages, if any, the existence of which the Defendant expressly denies.

## TENTH AFFIRMATIVE DEFENSE

As and for its tenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant alleges that because of the conduct, acts, and/or omissions of the Plaintiff and/or Decedent, the Plaintiff is estopped from claiming the damages alleged in the Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

As and for its eleventh, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant alleges that the Decedent's negligence was the sole, proximate cause of his alleged injuries and damages, if any, and accordingly, the Plaintiff's claims are barred as a matter of law.

## TWELFTH AFFIRMATIVE DEFENSE

As and for its twelfth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant states that the incident alleged in Complaint was not the proximate cause of the Decedent's demise and/or Plaintiff's alleged damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

As and for its thirteenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant states that the proximate cause of Decedent's demise was the physiological event experienced by Decedent and was not the result of any act or omission on the part of Defendant or any of its employees and/or independent contractors.

## FOURTEENTH AFFIRMATIVE DEFENSE

As and for its fourteenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant alleges that the incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which the Defendant had no duty to protect the Decedent.

## FIFTEENTH AFFIRMATIVE DEFENSE

As and for its fifteenth, separate, and affirmative defense to the Complaint, the Decedent's demise and/or Plaintiff's damages, if any, were caused, in whole or in part, by the acts or omissions of third parties over whom the Defendant had no control such that the Plaintiff's damages are not actionable against the Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

As and for its sixteenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant is informed and believes and herein alleges that it is not legally responsible in any fashion with respect to damages and injuries alleged by the Plaintiff in the Complaint; however, in the event the Defendant is held liable, said liability which the Defendant expressly denies, said liability will be due in whole or in part to the breach of warranty, acts, omissions, activities, carelessness, recklessness, and/or negligence of others.  Therefore, any recovery obtained by the Plaintiff against the Defendant should be reduced in proportion to the respective negligence, fault, and legal responsibility of all other parties, persons, and entities, including their agents, servants, and employees who contributed to and/or caused any such injury and/or damages, in accordance with the law of comparative fault.  The liability of the Defendant if any, the existence of which the Defendant expressly denies, is to be limited to the percentage of fault actually attributable to the Defendant, if any.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

As and for its seventeenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant alleges that the Plaintiff and/or Decedent failed to act timely and reasonably in exercising care and diligence to avoid loss and to minimize damages. Therefore, the Plaintiff's recovery, if any, should be reduced by the failure to mitigate damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

As and for its eighteenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant alleges that the death of the Decedent and the damages allegedly suffered by the Plaintiff were not caused by any act or omission to act on the part of the Defendant, and were caused by other trauma or illness suffered by the Decedent in his lifetime.

**NINETEENTH AFFIRMATIVE DEFENSE**

As and for its nineteenth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant alleges that the Decedent's demise and/or Plaintiff's damages, if any, were the result of a pre-existing injury or illness, which was not aggravated by the alleged incident herein.  In the alternative, if any pre-existing injury or illness was aggravated by any alleged incident herein, damages should be limited to reimbursement for the degree of aggravation, and any recovery obtained herein must be reduced and limited to that degree of aggravation.

**TWENTIETH AFFIRMATIVE DEFENSE**

As and for its twentieth, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant alleges that if it is liable to the Plaintiff for damages herein, the existence of which the Defendant expressly denies, Plaintiff's damages must be reduced by the amount attributable to Plaintiff and/or Decedent's comparative fault.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As and for its twenty-first, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant alleges that if they are found liable to the Plaintiff for damages herein, the existence of which the Defendant expressly denies, the measure of any such damages must be limited to the amount foreseeable and within the contemplation of the parties, if any, as portions of this action sound in contract.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

As and for its twenty-third, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant asserts that, to the extent applicable, the Defendant alleges that if they are found liable to the Plaintiff for damages herein, the existence of which the Defendant expressly denies, the measure of any such damages must be limited pursuant to the limitations proscribed under the Death on the High Seas Act ("DOHSA").

## TWENTY-THIRD AFFIRMATIVE DEFENSE

As and for its twenty-third, separate, and affirmative defense to the Complaint and each of its purported causes of action, the Defendant asserts that, to the extent applicable, any award of damages to the Plaintiff, if any, should be reduced by any collateral source payments paid to and/or received by the Decedent and/or Plaintiff.

Dated:  February 23, 2015
        Miami, Florida

                    Respectfully submitted,

                    **FOREMAN FRIEDMAN, P.A.**

        BY: **/s/ Darren W. Friedman**
                    DARREN W. FRIEDMAN, ESQ. (FBN 0146765)
                    dfriedman@fflegal.com
                    MARCUS G. MAHFOOD, ESQ. (FBN 41495)
                    mmahfood@fflegal.com
                    One Biscayne Tower, Suite 2300

2 South Biscayne Boulevard
Miami, FL 33131
Tel: 305-358-6555/Fax: 305-374-9077
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 23rd day of February, 2015. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: */s/ Darren W. Friedman*
DARREN W. FRIEDMAN, ESQ.

## SERVICE LIST
CASE NO: 13-cv-20090-LEONARD/Goodman

Joel M. Barnett, Esq. (FBN 248428)
waksbar@aol.com
WAKS & BARNETT, P.A.
9900 SW 107th Avenue, Suite 101
Miami, Florida 33176
Tel: 305-271-8282/Fax: 305-595-9776
Counsel for Plaintiff

Philip D. Parrish, Esq. (FBN 541877)
phil@parrishappeals.com
PHILIP D. PARRISH, P.A.
7301 SW 57th Court, Suite 430
Miami, Florida 33143
Tel: 305-670-5550/Fax: 305-670-5552
Counsel for Plaintiff

Darren W. Friedman, Esq. (FBN 0146765)
dfriedman@fflegal.com
Marcus G. Mahfood, Esq. (FBN 41495)
mmahfood@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower – Suite #2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-6555/ Fax: 305-374-9077
Counsel for Defendant